COVENANT.    **Lucy Mitchel's adm'r. *vs* McLin Mitchel.**

Case 72.                 ERROR TO THE LIVINGSTON CIRCUIT.

                        *Marriage contracts.   Parties.*

April 12.      JUDGE MARSHALL delivered the opinion of the Court.

Case stated.     BY marriage articles entered into between McLin
Mitchel and Mrs. Lucy Owens, it was stipulated that,
after the marriage, Mitchel might possess and dispose of
certain property of Mrs. Owens, valued at $495.   And
Mitchel bound himself to pay Mrs. Owens that sum,
without interest, when she desired it.   She was also au-
thorized to will and dispose of said sum as she pleased,
in case of her dying first, and he covenanted to abide by
and perform such will.   And, in case of his dying first,
he acknowledged his estate to be indebted to her in the
above named sum, and bound it to her for that sum, if she
should choose to claim it.   It being intended, as the arti-
cles recite, in consequence of both parties having children,
that she should retain the right to dispose of that sum.

The declaration, which recites the instrument at large,
avers that the marriage took place; that Mitchel after-
wards took possession of the property referred to and
used and disposed of it as he pleased; and that Lucy
Mitchel, (formerly Owens,) had departed this life, leav-
ing a will, which has been duly recorded, whereby she
bequeathed the said sum of $495, owing from said Mc-
Lin Mitchel, to divers legatees, and avers, as a breach,
the non payment of said sum to the said Lucy in her
lifetime, or to the plaintiff since her death.

A demurrer to this declaration having been overruled,
and judgment thereon rendered for the plaintiff, the de-
fendant seeks a reversal in this Court, and now urges:
first, that the covenant was extinguished by the marriage;
second, that if not, the right of action, on the death of
the wife, did not belong to her administrator but to her
legatees; and, third, that if this be not so, the declara-
tion is insufficient in not alledging non-payment of the leg-
acies to the legatees.

1. Whatever may be said of the particular covenant to pay the sum of $495 to Mrs. Owens, we think it entirely clear that all the other stipulations on the part of Mitchel, being obviously intended to survive the marriage, and to be performed after its termination, do not come within the principle on which the marriage of a woman to her debtor is held to extinguish the debt. Such covenants are not extinguished by the marriage, and may be enforced at law: *Milburn* vs *Ewart*, (5 *Term Rep.* 375.)

2. We are also of opinion that the right of action vested, on the death of the wife, in her personal representative and not in the legatees. The covenant is to, and with the intended wife, personally, and like other contracts entered into with her before marriage, and remaining to be enforced after its termination by her death, the legal interest and right of action in it passes to her administrator. Indeed those stipulations which were not to be performed until the death of the wife, and it is upon these that the action is founded, may be regarded as impliedly made with her administrator. And this seems to be especially the case with regard to the covenant to perform the will, since the executor or administrator, with the will annexed, is responsible for the execution of the will to those interested. He is also responsible for payment of debts which may be chargeable against the estate of the deceased wife. And as this instrument, in establishing the right of the wife to, dispose of this sum of $495, by will, does, upon her death, after disposing of it by will, make it her estate, it passes to her personal representative, subject to her debts, if she has any, and it is only through him, as in ordinary cases, that the legatees can claim. Here is no express covenant to pay the legatees, and even if there had been, it is a settled doctrine and particularly applicable in the case of indentures or deeds *inter partes*, that if, in such an instrument, A. a party, covenant with B. a party, to pay a sum of money to C. a stranger, the right of action for the breach of this covenant is in A. and not in C.

3. But, as already stated, there is no express covenant to pay to the legatees, but only to abide by and perform the will. Nor does it appear that even, by her will, the

**[Margin notes:]**

MITCHEL'S AD'R
*vs*
MITCHEL.

Covenants in marriage articles, which are not to be performed during the coverture, are not extinguished by the marriage: (3 *Term Rep.* 375.)

The right of action vests in the personal representative of a wife, on such contract, and may be presumed to be made with the personal representative, especially if the covenant be to perform a will.

In a declaration on a marriage article, securing to the intended

BANK COM'TH.
vs
PATTERSON.

wife a right of
disposition of a
fund by will, it
is not necessary
in a suit against
the husband, by
her personal rep-
resentative, to
negative the pay-
ment to the dev-
isees.

decedent directed her husband to pay to the legatees, but the averment is that she bequeathed the said sum of $495 to divers legatees. As, by the marriage articles, this sum of $495, in the hands of the husband, is made subject to the disposition of the wife by will, and became, upon her death, after disposing of it by will, a part of her estate, vesting in her personal representative as such, the bequest of portions of it to A. and B. &c., is to be regarded as directory to the personal representative to pay such portions to A. and B. &c. And the covenant of the husband to abide by and perform the will, must be construed as a covenant to pay to the personal representative, who is responsible to legatees and creditors for the due execution of the will.

The result of this construction is, that the husband is indebted to the administrator, and not to the legatees of the wife, and that even if his payment to the legatees might, under particular circumstances, be an equitable or a substantial discharge, he has, *prima facie,* no legal right thus to discharge his debt or his covenant. It was not necessary, therefore, to negative such mode of discharge in the declaration, but the breach of covenant is sufficiently shown by the averment of non-performance to the administrator, who, alone, was legally entitled to demand and receive its performance. If payment had been made to the legatees under circumstances which justified it and constituted it a discharge of the covenant, the facts might and should have been pleaded.

Wherefore, the judgment is affirmed.

*Owsley & Goodloe* for plaintiff.